**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LILI HE, <br><br>        Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>        Respondent. | No. 22-1032 <br><br> Agency No. <br> A089-479-987 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023**
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Petitioner Lili He ("He"), a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeals' ("BIA")

denial of her motion to reopen her removal proceedings. We have jurisdiction

under 8 U.S.C. § 1252 and deny the petition.

Motions to reopen proceedings must be filed within 90 days of the final

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

administrative order of removal. 8 U.S.C. § 1229a(C)(7)(c)(i). But there is no deadline where the motion to reopen is "based on changed country conditions *arising in the country of nationality* . . . if such evidence is material and was not available and would not have been discovered or presented" during previous proceedings. *Id.* § 1229a(C)(7)(c)(ii) (emphasis added).

He contends her motion to reopen should have been granted because since her initial removal proceedings she has had three children. But this court has already held that "the birth of children outside the country of origin is a change in personal circumstances that is not sufficient to establish changed circumstances in the country of origin within the regulatory exception to late-filed or successive motions to reopen." *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007). Consequently, He's contention that the BIA erred in denying her motion to reopen based on the change in her personal circumstances is foreclosed by precedent.

He next argues that she submitted country conditions evidence that demonstrates if she is returned to China she will face persecution for being (1) a Christian, (2) a Chinese citizen who violated China's "birth control policy," (3) a single mother with children born outside a marital relationship, and (4) a returning citizen who fled with the help of smugglers. Substantial evidence supports the BIA's conclusion that He's country conditions evidence "does not adequately show that there has been a change in conditions in China." The record reflects that China has been listed as a "Country of Particular Concern"

2

since 1999 based on its "particularly severe violations of religious freedom." And that China's birth-control policies have not materially changed. To the extent He relies on the creation of a "social scoring system," this claim was not presented to the BIA and therefore the panel lacks jurisdiction to consider it. *See, e.g.*, *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, He peremptorily contends she was deprived of due process. But He fails to identify any act that rendered her proceedings "fundamentally unfair" or explain how she was prejudiced by any such acts. *See, e.g.*, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (explaining an agency's decision will be reversed on due process grounds only if the alien shows that (1) she was "prevented from reasonably presenting [her] case" and (2) "the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation" (quotation omitted)).

**PETITION DENIED.**